UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number:  10-20090-CIV-MARTINEZ-BROWN

JOSE BANEGAS,

    Plaintiff,

vs.

ONE TWO TREE, INC.,

    Defendant.
_____/

## ORDER ON MOTION FOR SUMMARY JUDGMENT

THIS CAUSE came before the Court upon Defendant's Motion for Summary Judgment **(D.E. No. 15)**.  Plaintiff brought this action on December 9, 2009 in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, alleging that the Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, *et seq*., by failing to pay Plaintiff overtime and by terminating Plaintiff in unlawful retaliation.  The case was removed to this Court on January 11, 2010.

### I.  Factual Background[1]

Defendant One Two Tree, Inc. ("Defendant" or "One Two Tree") provides landscape and tree trimming services, as well as pest management and fertilization services.  Marc Terwilliger and his wife Joan Terwilliger own Defendant One Two Tree, Inc.  Marc Terwilliger testified that he is solely responsible for hiring and firing One Two Tree employees.  (M. Terwilliger Decl. ¶ 4.)  Defendant's executive secretary, Ana Morales, gave Plaintiff his application for

---

[1] Except where otherwise cited, these facts are derived from those facts in Defendant's Statement of Material Facts that Plaintiff has not disputed.

employment.[2] (Pl. Dep. 24.) Plaintiff testified that Marc Terwilliger told him that if he had anything to discuss or needed anything, he should talk to Ms. Morales. (Pl. Dep. 25.)

Plaintiff worked for Defendant as part of the tree-trimming crew. Plaintiff signed a document acknowledging that he received a copy of the Employee Handbook. One Two Tree provided him with a uniform shirt, and he had the option of putting it on at home or at One Two Tree. Plaintiff's job duties consisted of cleaning up all the debris on a job site. His normal schedule was from 7:00 a.m. to 3:30 p.m. with a 30 minute lunch break. The normal operating procedure at One Two Tree required employees, including Plaintiff, to meet at One Two Tree's location and punch into a time clock. Then they would receive their assignments, and each crew, typically consisting of three people, would leave to go to their assigned job site. On the job site, they usually took their lunch break at noon. At the end of the day, they returned to One Two Tree and clocked out. Since employees could not clock in and out for lunch, a half-hour wad deducted from each work day before the weekly totals were calculated for payrolls. If an employee did not take lunch one day, the crew leader would make a notation on the employee's time card and lunch would not be deducted for that day.

Marc Terwilliger testified that Defendant paid Plaintiff time-and-a-half for all hours worked in excess of 40 hours per week. (M. Terwilliger Decl. ¶¶ 7, 8.) Payroll records, however, show that Plaintiff was not paid for 3.43 hours of overtime the week ending on September 22, 2009. At time and a half of Plaintiff's regular pay of $10.00 per hour, that would be $51.45 unpaid overtime. Ana Morales testified that this $51.45 shortfall was intended to set

---

[2] In his brief, Plaintiff characterizes this as testimony that the secretary could hire employees. The testimony itself, however, does not support this construction. Rather, Plaintiff testified only that the secretary gave him the application and that he returned it to her.

off $80.00 inadvertently and erroneously overpaid to Plaintiff earlier in the month of September for the Labor Day holiday. (Morales Decl. ¶¶ 5, 6.) Plaintiff never spoke to Marc Terwilliger about unpaid overtime hours. He testified that he and another employee spoke to Ana Morales, Defendant's executive secretary. (Pl. Dep. 12.) He stated, "I don't know what she told the boss." *Id*. Marc Terwilliger asserted that he was never advised that Plaintiff had ever complained about not being paid overtime. (M. Terwilliger Decl. ¶ 10.)

Three days later, Marc Terwilliger advised Plaintiff he was being terminated. (Pl. Dep. 12.) Plaintiff's termination report, dated October 2, 2009, stated that he was being laid off and he was eligible to be rehired. (D.E. No. 16-4.) Marc Terwilliger testified that Plaintiff was laid off due to the slow economy and lack of work. (M. Terwilliger Decl. ¶ 11.) Plaintiff acknowledged that work for One Two Tree had slowed down over the past two or three years that he worked there.

## II.  Standard

A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). By its very terms, this standard provides that "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there will be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find

for the non-moving party. *Anderson*, 477 U.S. at 248; *Matsushita Electric Indus. Co.,* 475 U.S. at 586. It is "material" if it might affect the outcome of the case under the governing law. *Anderson*, 477 U.S. at 248. In addition, in considering a motion for summary judgment, the Court is required to view the evidence in the light most favorable to the non-moving party. *Id*. at 255.

If the moving party bears the burden of proof at trial, the moving party must establish all essential elements of the claim or defense in order to obtain summary judgment. *See United States v. Four Parcels of Real Prop. in Greene and Tuscaloosa Counties*, 941 F. 2d 1428, 1438 (11th Cir. 1991). The moving party "must support its motion with credible evidence . . . that would entitle it to a directed verdict if not controverted at trial." *Id*. (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986) (Brennan, J., dissenting)). "If the moving party makes such an affirmative showing, it is entitled to summary judgment unless the nonmoving party, in response, 'come[s] forward with significant, probative evidence demonstrating the existence of a triable issue of fact.'" *Four Parcels of Real Prop. in Greene and Tuscaloosa Counties*, 941 F. 3d at 1438 (quoting *Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.3d 1472, 1477 (11th Cir. 1991)). *See also* Fed. R. Civ. P. 56(e).

In contrast, if the non-moving party bears the burden of proof at trial, the moving party may obtain summary judgment simply by establishing the nonexistence of a genuine issue of material fact as to any essential element of a non-moving party's claim or affirmative defense. *Celotex*, 477 U.S. at 324. When the non-moving party bears the burden of proof, the moving party does not have to "support its motion with affidavits or other similar material *negating* the opponent's claim." *Id*. at 323 (emphasis in original). The moving party may discharge its burden

in this situation by showing the Court that "there is an absence of evidence to support the nonmoving party's case." *Id*. at 324.  Once the moving party discharges its initial burden, a non-moving party who bears the burden of proof must "go beyond the pleadings and by [its] own affidavits or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Id*. (quoting Fed. R. Civ. P. 56(e)).  A non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

### III. Analysis

**A.     Coverage Under the FLSA**

The FLSA applies to any employee who is "engaged in commerce or in the production of goods for commerce," regardless of whether the enterprise that employs him is engaged in commerce under the statute. 29 U.S.C. § 207(a)(1). This is called "individual coverage." *Ares v. Manuel Diaz Farms, Inc.*, 318 F.3d 1054, 1056 (11th Cir. 2003).  The FLSA applies to any employer engaged in an "enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).  This is called "enterprise coverage." *Ares*, 318 F.3d at 1056. The Plaintiff has the burden of proving individual or enterprise coverage.[3]  *Casseus v. First Eagle*, L.L.C., No. 07-23228, 2008 WL 1782363, at *3 (S.D.Fla. April 18, 2008); *Jimenez v. Southern*

---

[3] In contrast, "[a]n employer seeking exemption from the Act's coverage must bear the burden of showing that his business meets the exemption's requirements." *Marshall v. Sundial Associates, Ltd.*, 588 F.2d 120, 122 (5th Cir. 1979); *see also Kendrick v. Eagle Intern. Group, LLC*, No. 08-80909-CIV, 2010 WL 1257674, at *2-3 (S.D. Fla. March 26, 2010) (stating that it is the plaintiff's burden to show coverage but the defendant's burden to prove the applicability of an FLSA exception).

*Parking, Inc.*, No. 07-23156-CIV, 2008 WL 4279618, * 9, 12 (S.D.Fla. Sept.16, 2008). In this case, the Plaintiff has not claimed individual coverage.

The FLSA defines an "enterprise engaged in commerce or in the production of goods for commerce" as an enterprise that "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and that "is an enterprise whose annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(1)(A).

Defendant has asserted that Plaintiff cannot show enterprise coverage.  Plaintiff has not presented any facts to show coverage, but Plaintiff asserts that it should not have to because Defendant's interrogatory responses misled Plaintiff into believing that Defendant would not challenge coverage.  Therefore, Plaintiff asserts that he was fooled into not conducting discovery on the issue.  The interrogatory in question was as follows:

> If you claim that Plaintiff is exempt from the overtime provisions of the [FLSA] or that the [FLSA] is inapplicable to Plaintiff or Defendant, identify by statutory, regulatory and case law citation the specific exemption upon which you rely, describe the reason(s) you believe the exemption is applicable, indicate as part of your answer the factual basis for claiming such exemption and describe the records and documents upon which you rely in responding to this interrogatory.

In response to this interrogatory, Defendant replied "Not applicable."

Defendant, who raised the lack of coverage in its answer and affirmative defenses, asserts that the interrogatory in question asked about exemptions, not coverage.  This argument has merit, as the interrogatory clearly focuses on exemptions and asks only for the legal and factual bases for any exemption claims by the Defendant.  Despite the fact that Plaintiff's interrogatory contains the

phrase "or that the FLSA is inapplicable to Plaintiff or Defendant," the interrogatory nevertheless only requests information regarding exemptions.[4] As discussed in note 3 above, exemptions are affirmative defenses that are distinct from coverage in the FLSA context. Therefore, the Plaintiff's reliance on the "not applicable" answer to the interrogatory Plaintiff drafted regarding exemptions does not justify Plaintiff's failure to meet his burden on the issue of coverage. Accordingly, summary judgment is warranted for the lack of coverage. Nevertheless, the Court will consider the merits of the claim in the alternative.

**B.     Unpaid Overtime and Set-Off**

Under the FLSA, employees must receive one and one-half times their regular pay rate for time worked in excess of 40 hours per week. 29 U.S.C. § 207(a)(1). In this case, there is a dispute of material fact, in that Defendant asserts that Plaintiff was paid for all overtime, and Plaintiff asserts that he was not paid for 3.43 hours of overtime the week ending September 22, 2009.

Defendant, however, has asserted an affirmative defense of set-off, which Defendant as the moving party has the burden of proving. "A set-off is pay that an employee receives to which he or she was not otherwise entitled that is subtracted from any amount of overtime compensation owed." *King v. ITT Educational Services, Inc.*, No. 3:09-cv-848-J-32MCR, 2009 WL 3583881, at *2 (M.D. Fla. Oct. 27, 2009). Set-offs are not permitted in cases where they "deprive the

---

[4] By way of illustration, this is how the interrogatory reads if the reader focuses in on the "inapplicable" portion:
> If you claim that . . . the [FLSA] is inapplicable to Plaintiff or Defendant, identify by statutory, regulatory and case law citation the specific *exemption* upon which you rely, describe the reason(s) you believe the *exemption* is applicable, indicate as part of your answer the factual basis for claiming such *exemption* and describe the records and documents upon which you rely in responding to this interrogatory.

(Emphasis added.)

employee of the 'cash in hand' contemplated by the Act." *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974), *overruled on other grounds, McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988).[5] This, however, does not prohibit all setoff claims in FLSA cases. Rather it prohibits setoff claims that cause an employees' wages to fall below the statutory minimum wage. *See Singer v. City of Waco, Tex*, 324 F. 3d 813, 828, 828 n.9 (5th Cir. 2003) (finding setoff was appropriate where an employer prepaid overtime compensation and such overpayments were used to offset shortfalls in other work periods); *King*, 2009 WL 3583881, at *3 (declining to strike an affirmative defense of set-off when the plaintiff did not allege that she would receive a sub-minimum wage payment as a result of the set-off); *see also Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1322 (S.D. Fla. 2005) (noting that wages for "down time" on the job can be used to set-off wages).

    Defendant has brought forth evidence showing that the $51.45 in unpaid wages was used to set-off an $80.00 overpayment for a holiday on which Plaintiff did not work. Plaintiff argues that this is not a valid set-off because it resulted in Plaintiff not being paid overtime for the week when he earned it. The Court does not agree, and concludes that this case falls within the *Singer* exception to the *Brennan* rule on set-offs in FLSA cases. Because Defendant's overpayment of wages resulted in Plaintiff being paid his full overtime wages early, rather than late, due to him being paid for a holiday on which he did not work, that overpayment is a permissible set-off against the wages due him under the FLSA.[6] Plaintiff has not come forward with significant,

---

[5]In *Bonner v. Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[6] The Court notes that this also resulted in Plaintiff receiving an additional $28.55 over and above the wages due him.

probative evidence to create a dispute of material fact regarding this matter. Accordingly, the Court concludes that, because there is no dispute of material fact with regard to set-off, Defendant is entitled to summary judgment on the issue of unpaid overtime.

**C.     Retaliation**

The FLSA protects people against retaliation for asserting their rights under the statute. *See* 29 U.S.C. § 215(a)(3). In order to show a prima facie case of FLSA retaliation, the Plaintiff must produce evidence of the following: (1) he engaged in activity protected under the Act; (2) he subsequently suffered adverse action by the employer; and (3) a causal connection existed between the employee's activity and the adverse action. *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1342-43 (11th Cir. 2000) (citing *Richmond v. ONEOK, Inc.*, 120 F.3d 205, 208-09 (10th Cir. 1997)). If the employer asserts a legitimate non-retaliatory reason for the adverse action, the plaintiff must attempt to show pretext. *Id.* at 1343.

Defendant asserts that Plaintiff did not engage in protected activity and that there is no evidence of a causal connection between the alleged protected activity and Plaintiff's termination. With respect to the protected activity, Defendants are incorrect in asserting that only the filing of official complaints and proceedings are protected activities under the FLSA. *See EEOC v. White and Son Enterprises*, 881 F.2d 1006, 1011 (11th Cir. 1989) ("The charging parties did not perform an act that is explicitly listed in the FLSA's anti-retaliation provision; however, we conclude that the unofficial complaints expressed by the women to their employer about unequal pay constitute an assertion of rights protected under the statute."). Although Plaintiff did not complain to his employer, but instead to the secretary, Plaintiff testified that he was instructed to bring complaints to Ana Morales. Accordingly, his complaint about his wages was a protected activity.

Plaintiff has not, however, shown any evidence of causation. "In demonstrating causation, the plaintiff must prove that the adverse action would not have been taken 'but for' the assertion of

FLSA rights." *Wolf v. Coca-Cola Co.*, 200 F.3d at 1343 (citing *Reich v. Davis*, 50 F.3d 962, 965-66 (11th Cir. 1995)).  Despite the temporal proximity of Plaintiff's complaint and his termination, there is absolutely no evidence whatsoever that the decisionmaker in Plaintiff's termination, Marc Terwilliger, knew about Plaintiff's protected activity.  Mr. Terwilliger testified that he did not know about the protected activity, and Plaintiff testified that he did not tell Mr. Terwilliger about his problems with his wages and that he did not know if the secretary told Mr. Terwilliger.  If the decisionmaker did not know about the protected activity, there is no way that the protected activity was the "but for" cause of the termination.  Therefore, Plaintiff has not shown a prima facie case of FLSA retaliation.  Furthermore, even if Plaintiff had showed a prima facie case, he has not come forward with any evidence showing that Defendant's non-retaliatory reason for terminating him, a slow-down in Defendant's business, was a pretext.  Accordingly, summary judgment is warranted on Plaintiff's FLSA retaliation claim.   It is hereby:

**ORDERED and ADJUDGED** that

1. Defendant's Motion for Summary Judgment **(D.E. No. 15)** is GRANTED.  This case is CLOSED, and all pending motions are DENIED AS MOOT.

2. Final Judgment shall be entered by separate order.

DONE AND ORDERED in Chambers at Miami, Florida, August 12, 2010.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Lynch
All Counsel of Record